**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 15-CV-80352-BB

USA NUTRACEUTICALS GROUP, INC.,
and ULTRA-LAB NUTRITION, INC.
d/b/a BEAST SPORTS,

      Plaintiffs,

v.

BPI SPORTS, LLC; and BPI SPORTS
HOLDINGS, LLC,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants BPI Sports, LLC and BPI Sports Holdings, LLC (collectively, "BPI"), by and through undersigned counsel, hereby answer the complaint filed by plaintiffs USA Nutraceuticals Group, Inc. and Ultra-Lab Nutrition, Inc. d/b/a/ Beast Sports (collectively, "Plaintiffs"), and set forth affirmative and other defenses, as follows:

## ANSWER

1.      BPI admits that Plaintiffs seek damages and injunctive relief but denies that Plaintiffs are entitled to any such relief, and denies Plaintiffs' allegations of misappropriation and use of trade dress and other acts of false advertising and unfair competition.

2.      BPI denies the allegations of paragraph 2 of the complaint.

3.      The images accompanying paragraph 3 of the complaint are of insufficient quality for BPI to apprehend in detail, and BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the images are exemplary, and therefore denies same. BPI denies the remaining allegations of paragraph 3 of the complaint.

4.      BPI denies the allegations of paragraph 4 of the complaint.

5.      BPI admits the allegations of paragraph 5 of the complaint.

6.      BPI admits the allegations of paragraph 6 of the complaint.

7.      BPI admits the allegation of paragraph 7 of the complaint.

8.      BPI admits the allegations of paragraph 8 of the complaint.

9.      BPI admits the allegations of paragraph 9 of the complaint.

10.     BPI admits the allegations of paragraph 10 of the complaint.

11.     BPI admits the allegations of paragraph 11 of the complaint to the extent that BPI regularly conducts business in this District, but BPI denies that it is incorporated, denies that it has committed the acts complained of, and denies that its acts have caused harm in this District.

12.     BPI admits the allegations of paragraph 12 of the complaint.

13.     BPI admits that Plaintiffs market and sell nutrition supplements.  BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13 of the complaint, and therefore denies same.  Further, the images accompanying paragraph 3 of the complaint are of insufficient quality for BPI to apprehend in detail, and BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the images are exemplary, and therefore denies same.

14.     BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the complaint, and therefore denies same.

15.     BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the complaint, and therefore denies same.

16.     BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of commercial success in paragraph 16 of the complaint, and therefore denies same.  BPI denies the remaining allegations of paragraph 16 of the complaint.

17.     BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of promotion and advertising in paragraph 17 of the complaint, and therefore denies same.  BPI denies the remaining allegations of paragraph 17 of the complaint.

18.     BPI denies the allegations of paragraph 18 of the complaint.

19.     The images accompanying paragraph 19 of the complaint are of insufficient quality for BPI to apprehend in detail, and BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the images are exemplary.  BPI denies the remaining allegations of paragraph 19 of the complaint.

20.     BPI denies the allegation of paragraph 20 of the complaint.

21.     BPI incorporates by reference and repeats the responses to the allegations re-alleged by Plaintiffs in paragraph 21 of the complaint.

22.     BPI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs have used their alleged trade dress since 2013, and therefore denies same.  BPI denies the remaining allegations of paragraph 22 of the complaint.

23.     BPI denies the allegations of paragraph 23 of the complaint.

24.     BPI denies the allegations of paragraph 24 of the complaint.

25.     BPI denies the allegations of paragraph 25 of the complaint.

26.     BPI denies the allegations of paragraph 26 of the complaint.

27.     BPI denies the allegations of paragraph 27 of the complaint.

28.     BPI denies the allegations of paragraph 28 of the complaint.

29.     BPI denies the allegations of paragraph 29 of the complaint.

30.     BPI incorporates by reference and repeats the responses to the allegations re-alleged by Plaintiffs in paragraph 30 of the complaint.

31.     BPI denies the allegations of paragraph 31 of the complaint.

32.     BPI denies the allegations of paragraph 32 of the complaint.

33.     BPI denies the allegations of paragraph 33 of the complaint.

34.     BPI denies the allegations of paragraph 34 of the complaint.

35.     BPI denies the allegations of paragraph 35 of the complaint.

36.     BPI denies the allegations of paragraph 36 of the complaint.

37.     BPI denies the allegations of paragraph 37 of the complaint.

38.     BPI incorporates by reference and repeats the responses to the allegations re-alleged by Plaintiffs in paragraph 38 of the complaint.

39.     BPI admits the allegations of paragraph 39 of the complaint to the extent that Plaintiffs have filed a claim for unfair competition under Florida common law, but BPI denies that such a claim has any merit.

40.     BPI denies the allegations of paragraph 40 of the complaint.

41.     BPI denies the allegations of paragraph 41 of the complaint.

42.     BPI denies the allegations of paragraph 42 of the complaint.

43.     BPI incorporates by reference and repeats the responses to the allegations re-alleged by Plaintiffs in paragraph 43 of the complaint.

44.     BPI denies the allegations of paragraph 44 of the complaint.

45.     BPI denies the allegations of paragraph 45 of the complaint.

46.     BPI denies the allegations of paragraph 46 of the complaint.

47.     BPI denies the allegations of paragraph 47 of the complaint.

48.     BPI incorporates by reference and repeats the responses to the allegations re-alleged by Plaintiffs in paragraph 48 of the complaint.

49.     BPI denies the allegations of paragraph 49 of the complaint.

50.     BPI denies the allegations of paragraph 50 of the complaint.

51.     BPI denies any and all allegations of the complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise have, BPI asserts the following affirmative defenses.  BPI reserves the right to amend its answer to assert additional affirmative defenses consistent with the facts discovered during the course of further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which the relief demanded can be granted.

## SECOND AFFIRMATIVE DEFENSE

BPI did not cause any of the damages allegedly suffered by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged trade dress is not inherently distinctive and has not acquired secondary meaning.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged trade dress is functional.

## SIXTH AFFIRMATIVE DEFENSE

BPI's allegedly unlawful activities are protected under the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the doctrines of abandonment, acquiescence, estoppel and/or waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by BPI's prior use of the alleged features of the alleged trade dress.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the doctrine of misuse.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they seek equitable relief because Plaintiffs have an adequate remedy at law.

WHEREFORE, this action should be dismissed with prejudice and the Court should grant

such further relief to BPI as is just and proper.


Dated:  June 4, 2015                                          Respectfully submitted,

                                                             */s/John C. Carey*
Cary A. Lubetsky / Florida Bar No. 961360                    John C. Carey / Florida Bar No. 78379
cal@khllaw.com                                               jcarey@careyrodriguez.com
KRINZMAN, HUSS & LUBETSKY, LLP                               CAREY RODRIGUEZ
800 Brickell Avenue, Suite 1501                              O'KEEFE MILIAN GONYA, LLP
Miami, Florida 33131                                         1395 Brickell Avenue, Suite 700
Telephone:  (305) 854-9700                                   Miami, Florida 33131
Facsimile:  (305) 854-0508                                   Telephone: (305) 372-7474
                                                             Facsimile:  (305) 372-7475

                                                             *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/John C. Carey

## SERVICE LIST

*USA Nutraceuticals Group, Inc., et al. v. BPI Sports, LLC, et al.*
Case No. 15-CV-80352-BB
United States District Court
Southern District of Florida

Ryan M. Kaiser (*pro hac vice*)
AMIN TALATI & UPADHYE, LLC
55 W. Monroe St., Suite 3400
Chicago, IL 60603
Telephone: (312) 327-3328
Facsimile: (312) 884-7352
ryan@amintalati.com

Adam D. Palmer, P.A.
apalmer@schoepplburke.com
SCHOEPPL & BURKE, P.A.
4651 N. Federal Highway
Boca Raton, FL 33431
Telephone:  (561) 394-5602
Facsimile (561) 394-3121

*Counsel for Plaintiffs*